**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KENDRA LYLES,

     Plaintiff,

v.

GARY P. FOWLER, et al.,

     Defendants.

Case No. 3:25-cv-1317-MMH-LLL

---

KENDRA LYLES,

     Plaintiff,

v.

DDS INVESTMENTS, LLC, et al.,

     Defendants.

Case No. 3:25-cv-1318-MMH-LLL

---

KENDRA LYLES,

     Plaintiff,

v.

RICHMAN PROPERTY SERVICES, INC., et al.,

     Defendants.

Case No. 3:25-cv-1319-MMH-LLL

---

KENDRA LYLES,

     Plaintiff,

v.                                                                 Case No. 3:25-cv-1320-MMH-LLL

DAWN KUHLMEY HUDSON, et
al.,

     Defendants.

_____

KENDRA LYLES,

     Plaintiff,

v.                                                                 Case No. 3:25-cv-1321-MMH-LLL

BLUE PEAK REAL PROPERTY
MANAGEMENT, LLC, et al.,

     Defendants.

_____

KENDRA LYLES,

     Plaintiff,

v.                                                                 Case No. 3:25-cv-1322-MMH-LLL

REAL PRO SUNSTATE NFL
PROPERTY MANAGEMENT, et al.,

     Defendants.

_____

- 2 -

KENDRA LYLES,

      Plaintiff,

v.

DDS INVESTMENTS, LLC, et al.,

      Defendants.

Case No. 3:25-cv-1323-MMH-LLL

KENDRA LYLES,

      Plaintiff,

v.

MOSE L. FLOYD, et al.,

      Defendants.

Case No. 3:25-cv-1324-MMH-LLL

# **O R D E R**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On October 31, 2025, Plaintiff, proceeding <u>pro</u> <u>se</u>, initiated eight civil actions in this district and division. Under the authority of Rule 1.07 of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), the Court transferred some of the cases so that they are all now pending before the undersigned and the same Magistrate Judge. The actions are assigned the case numbers 3:25-cv-1317-MMH-LLL through 3:25-cv-1324-MMH-LLL.[1] In each of

---

[1] For simplicity, the Court will refer to each action by its sequential digit (i.e., the 1317 Action, the 1318 Action, and so on).

these cases, Plaintiff has filed a motion to proceed in forma pauperis. See Application to Proceed in District Court without Prepaying Fees or Costs (1317 Action Doc. 4); (1318 Action Doc. 2); (1319 Action Doc. 2); (1320 Action Doc. 2); (1321 Action Doc. 2); (1322 Action Doc. 7); (1323 Action Doc. 2); and (1324 Action Doc. 2) (collectively, Motions to Proceed in Forma Pauperis).[2] And in many of them, she has filed a document titled "Motion Demand Order for CMC Meeting Schedule Fair Jury Trial Hearings" (1317 Action Doc. 3); (1318 Action Doc. 5); (1319 Action Doc. 5); (1320 Action Doc. 5); and (1321 Action Doc. 3), filed November 17, 2025 (collectively, Motions for Hearings).[3] The Court will address the current status of the cases before determining how to proceed with respect to these pending motions.

On January 13, 2026, the Court ordered Plaintiff to show cause why the actions should not be consolidated. See Order to Show Cause (1317 Action Doc. 5); (1318 Action Doc. 6); (1319 Action Doc. 6); (1320 Action Doc. 6); (1321 Action Doc. 4); (1322 Action Doc. 8); (1323 Action Doc. 7); and (1324 Action Doc. 5) (collectively, Orders to Show Cause). Plaintiff did not respond to the Orders to Show Cause. On February 3, 2026, the Magistrate Judge entered a Report and

---

[2] In the 1317 Action and the 1322 Action, Plaintiff filed her Motion to Proceed in Forma Pauperis on November 17, 2025. In all other actions, she filed the motion on October 31, 2025.

[3] It appears that Plaintiff intended that this document be filed in all eight cases, but the Clerk of the Court docketed it in only the first five cases. The oversight is of no consequence because, as will be discussed below, the Motions for Hearings are due to be denied or terminated.

Recommendation in each case recommending that Plaintiff's actions be dismissed without prejudice for her failure to comply with a Court Order and her failure to prosecute the actions. See Report and Recommendation (1317 Action Doc. 8); (1318 Action Doc. 9); (1319 Action Doc. 7); (1320 Action Doc. 10); (1321 Action Doc. 5); (1322 Action Doc. 9); (1323 Action Doc. 8); and (1324 Action Doc. 6) (collectively, Reports). On March 16, 2026, Plaintiff filed a document in each case which, although largely incomprehensible, appears to be Plaintiff's objection to the Reports. See Motion Demand Fair Jury Hearing/Full Objection (1317 Action Doc. 9); (1318 Action Doc. 10); (1319 Action Doc. 8); (1320 Action Doc. 11); (1321 Action Doc. 6); (1322 Action Doc. 10); (1323 Action Doc. 9); and (1324 Action Doc. 7) (collectively, Objections).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1. [4] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for

---

[4] The Magistrate Judge properly informed Plaintiff of the time period for objecting and the consequences of failing to do so. See Reports at 3.

plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

In her belatedly filed Objections, Plaintiff does not address the Magistrate Judge's conclusion that her actions should be dismissed. See generally Objections. Nevertheless, upon review of the record, in an abundance of caution, the Court will not dismiss the actions. In the Orders to Show Cause, the Court did not direct Plaintiff to show cause why her actions should not be dismissed for failure to prosecute. See generally Orders to Show Cause.[5] Nor did the Court caution Plaintiff that dismissal was a possible consequence of failing to respond. See generally id. Rather, in ordering Plaintiff to show cause why the cases should not be consolidated, the Court advised Plaintiff only that if the cases were consolidated, Plaintiff would be given an opportunity to file a consolidated

---

[5] Local Rule 3.10 provides, "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

amended complaint. Id. at 3. On this record, the Court declines to dismiss the actions for Plaintiff's failure to prosecute. The Court concludes instead that Plaintiff's failure to respond to the Orders to Show Cause demonstrates Plaintiff's consent to the consolidation of her actions but, at this time, is not a sufficient basis to warrant dismissal.

Upon review of Plaintiff's complaints and the record in each case, the Court concludes that consolidation of these cases is appropriate. As a preliminary matter, the Court notes that Plaintiff has not opposed consolidation. See generally Objections. More importantly, it appears that Plaintiff's actions "involve the same breach of contract claim concerning an allegedly wrongfully retained security deposit." See Orders to Show Cause at 1.[6] Given the common questions of law and fact, the Court finds that the consolidation of these cases is appropriate. See Fed. R. Civ. P. 42(a). The Court also finds that consolidation will serve the interests of judicial economy and efficiency as well as avoid unnecessary costs and duplication for the parties. As such, the Court will order the consolidation of all of the above-captioned cases with the 1317 Action. The Court will further direct Plaintiff to file a single consolidated amended complaint in the 1317 Action. When preparing her consolidated amended complaint, Plaintiff should carefully review the pleading

---

[6] In the 1321 Action and the 1322 Action, the quoted language appears in the Order to Show Cause at 1–2.

requirements outlined below and in the Orders to Show Cause. See Orders to Show Cause at 3 n.3. Importantly, for each claim she asserts, Plaintiff must clearly state the basis for the exercise of subject matter jurisdiction. See id. **Failure to timely and properly comply with the pleading rules and the Court's instructions in this Order will likely result in the dismissal of these actions without further notice.**

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[7] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2

---

[7] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

(11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Notably, Rule 8(a)(3) also requires a plaintiff to include "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Rules 8 and 10 work together "to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). The

Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

As she prepares her consolidated amended complaint in accordance with the standards outlined above, Plaintiff is encouraged to consider consulting with a legal aid organization that offers free legal services. One resource available in Jacksonville is the Legal Information Program offered by the Jacksonville Federal Court Bar Association. To participate in the program, Plaintiff may contact the Clerk's office at (904) 549-1900, and the Clerk will provide her name and phone number to Jacksonville Area Legal Aid for a lawyer to call her.

Turning to the pending motions, given the consolidation of the cases, the Court will direct the Clerk of the Court to terminate the pending Motions to Proceed in Forma Pauperis in all of the cases with the exception of the one filed in the 1317 Action. The Motion to Proceed in Forma Pauperis in the 1317 Action is currently referred to the assigned Magistrate Judge. It will remain referred, but the Court will defer consideration of this motion until Plaintiff has filed her consolidated amended complaint. As to the Motions for Hearings, the Court will direct the Clerk of the Court to terminate the Motions for Hearings except for the Motion for Hearings filed in the 1317 Action. Upon review of this remaining Motion for Hearings (1317 Action Doc. 3), it is entirely unclear what relief Plaintiff is seeking. To the extent she requests a case management conference or a trial date, the motion is prematurely filed as no defendant has been served with process. And, in filing the Motion for Hearings, Plaintiff failed to comply with Local Rule 3.01(b) (requiring that a motion include a legal memorandum). For either reason (or both), the Motion for Hearings is due to be denied.

Accordingly, it is

**ORDERED:**

1.    The Court **DECLINES TO ADOPT** the Reports and Recommendations (1317 Action Doc. 8); (1318 Action Doc. 9); (1319 Action Doc. 7); (1320 Action Doc. 10); (1321 Action Doc. 5); (1322 Action Doc. 9); (1323 Action Doc. 8); and (1324 Action Doc. 6).

- 11 -

2.  Plaintiff's Motions Demand Fair Jury Hearing/Full Objection, construed as objections to the Reports and Recommendations (1317 Action Doc. 9); (1318 Action Doc. 10); (1319 Action Doc. 8); (1320 Action Doc. 11); (1321 Action Doc. 6); (1322 Action Doc. 10); (1323 Action Doc. 9); and (1324 Action Doc. 7) are **DENIED** and **OVERRULED**.

3.  The Clerk of the Court is **DIRECTED** to consolidate the above-captioned cases with the lead case, Case No. 3:25-cv-1317-MMH-LLL.

4.  The parties are **DIRECTED** to use the above case heading for all future filings, which shall be made only in the lead case, Case No. 3:25-cv-1317-MMH-LLL.

5.  The Clerk of the Court is further **DIRECTED** to terminate the following motions:

    a.  Application to Proceed in District Court without Prepaying Fees or Costs

        i.   Doc. 2 in Case No. 3:25-cv-1318-MMH-LLL;

        ii.  Doc. 2 in Case No. 3:25-cv-1319-MMH-LLL;

        iii. Doc. 2 in Case No. 3:25-cv-1320-MMH-LLL;

        iv.  Doc. 2 in Case No. 3:25-cv-1321-MMH-LLL;

        v.   Doc. 7 in Case No. 3:25-cv-1322-MMH-LLL;

    vi.  Doc. 2 in Case No. 3:25-cv-1323-MMH-LLL; and

    vii.  Doc. 2 in Case No. 3:25-cv-1324-MMH-LLL.

b.  "Motion Demand Order for CMC Meeting Schedule Fair Jury Trial Hearings"

    i.  Doc. 5 in Case No. 3:25-cv-1318-MMH-LLL;

    ii.  Doc. 5 in Case No. 3:25-cv-1319-MMH-LLL;

    iii.  Doc. 5 in Case No. 3:25-cv-1320-MMH-LLL; and

    iv.  Doc. 3 in Case No. 3:25-cv-1321-MMH-LLL.

6.    Consideration of Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs (Doc. 4) in Case No. 3:25-cv-1317-MMH-LLL is **DEFERRED** until Plaintiff has filed her consolidated amended complaint.

7.    Plaintiff's "Motion Demand Order for CMC Meeting Schedule Fair Jury Trial Hearings" (Doc. 3) in Case No. 3:25-cv-1317-MMH-LLL is **DENIED**.

8.   On or before **April 30, 2026**, Plaintiff **SHALL FILE** a consolidated amended complaint. In her consolidated amended complaint, Plaintiff must clearly state a basis for the exercise of subject matter jurisdiction and comply with all applicable Rules and Local Rules. Failure to timely file a proper consolidated amended complaint will likely result in the dismissal of these actions without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record